Opinion
JOHNSON, P. J.
Plaintiff, the People (hereinafter, appellant) appeal from an order dismissing a misdemeanor complaint charging defendant Joel Alvarado (hereinafter, respondent) with driving with a suspended license (Veh. *Supp. 3 Code, § 14601.1, subd. (a)) and willfully failing to obey a lawful order by a peace officer (Veh. Code, § 2800). Appellant contends the trial court committed reversible error in dismissing the complaint in the absence of a showing that respondent suffered actual prejudice as a result of prearraignment delay. We agree with appellant’s contention. The order of dismissal is reversed.
I.
On April 24, 1995, a complaint was filed charging respondent with driving with a suspended license (Veh. Code, § 14601.1, subd. (a)) and willfully failing to obey a lawful order by a peace officer (Veh. Code, § 2800). Respondent failed to appear for arraignment on May 15, 1995, and the trial court issued an arrest warrant. Respondent subsequently appeared on October 25, 1996; the warrant was recalled; and respondent was arraigned.
On November 8, 1996, respondent filed a motion to dismiss, alleging denial of his Sixth Amendment right to a speedy trial based on the 18-month delay between the filing of the complaint and his arraignment. At the hearing on the speedy trial motion, appellant produced two letters mailed to respondent informing him of the May 15, 1995, arraignment date. However, the court found appellant had failed to justify the delay because the letters were misaddressed and appellant had made no further attempts to contact respondent.
The trial court found respondent had failed to establish actual prejudice as a result of the prearraignment delay. However, the court concluded such prejudice was presumed in view of appellant’s failure to justify the delay. The court granted respondent’s motion to dismiss the complaint on speedy trial grounds. Appellant filed a timely notice of appeal from the order of dismissal.
II.
The Sixth Amendment right to a speedy trial attaches with the filing of the accusatory pleading or the arrest, whichever occurs first. (Serna v. Superior Court (1985) 40 Cal.3d 239, 262 [219 Cal.Rptr. 420, 707 P.2d 793].) “[A] delay[] between the filing of a [misdemeanor] complaint and the arrest [and prosecution] of a defendant which exceeds [one year is] unreasonable and thus presumptively prejudicial. . . .” (Id. at pp. 252-253.)
Respondent’s Sixth Amendment right to a speedy trial attached on April 24, 1995, the date the complaint was filed. He was arraigned on October 25, *Supp. 4 1996. Appellant concedes that the 18-month delay was presumptively prejudicial and concedes the delay was unjustified.
Pursuant to Barker v. Wingo (1972) 407 U.S. 514, 530 [92 S.Ct. 2182, 2192, 33 L.Ed.2d 101], the presumptively prejudicial length of delay operates as a “triggering mechanism” which necessitates inquiry into other factors. All of the factors must be balanced in order to determine whether or not there was a violation of respondent’s federal right to a speedy trial. In addition to the length of the delay, the other factors which must be weighed by the trial court are: (1) the reason for the delay; (2) the defendant’s assertion of his right to a speedy trial; and (3) actual prejudice to the defendant. (Ibid.) The foregoing factors are related and must be considered together with such other circumstances as may be relevant. (Id. at p. 533 [92 S.Ct. at p. 2193].)
To prevail on a Sixth Amendment speedy trial claim, a defendant must demonstrate actual prejudice unless “ ‘the first three Barker factors weighed heavily against the government. . . .’ [Citations.]” (Gallenkamp v. Superior Court (1990) 221 Cal.App.3d 1, 18 [270 Cal.Rptr. 346].) Additionally, the United States Supreme Court has established that a trial court must consider how much time had passed beyond the “presumptive prejudice” threshold. The longer the delay in arresting a defendant “stretches beyond the bare minimum needed to trigger judicial examination of the [speedy trial] claim,” the more weight the trial court should give to those factors favoring an accused’s motion to dismiss. (Doggett v. United States (1992) 505 U.S. 647, 652 [112 S.Ct. 2686, 2691, 120 L.Ed.2d 520].)
Here, as indicated earlier, there was a prearraignment delay of 18 months. With respect to whether the delay was justified, appellant argued it had exercised reasonable diligence in attempting to locate respondent. “The finding[] of the court[] below [is] to the contrary, however, and we review [the] trial court determination[] of negligence with considerable deference. [Citations.]” (Doggett v. United States, supra, 505 U.S. at p. 652 [112 S.Ct. at p. 2691].) Neither party disputes that respondent asserted his right to a speedy trial in a timely manner.
 U.S. v. Beamon (9th Cir. 1993) 992 F.2d 1009,[1] is directly on point. In Beamon, government negligence caused a delay of 17 months in bringing defendant Beamon to trial and a delay of 20 months in bringing defendant McMillin to trial. Both defendants timely asserted their *Supp. 5 right to a speedy trial. The trial court found the delays were presumptively prejudicial, since they were “well over one year.” (Id. at p. 1013.) However, the court there held that the defendants still had to show actual prejudice to establish they were denied the right to a speedy trial, since “the delays in this case [were] not ‘great.’ Seventeen and 20 months are only five to eight months longer than the one-year benchmark which triggers the speedy trial inquiry under Barker v. Wingo.” (Id. at p. 1014.) “[W]hile the government’s negligence caused a delay long enough to trigger a speedy trial inquiry under Barker, the delay of 17 to 20 months is not sufficient to excuse the defendants altogether from any showing of actual prejudice.” (Id. at p. 1015.)[2]
U.S. v. Beamon, supra, 992 F.2d 1009, indicates that the 18-month delay in this case was insufficient to excuse respondent from any showing of actual prejudice. While the trial court determined that respondent failed to show actual prejudice, it erroneously concluded such prejudice was presumed in view of appellant’s failure to justify the prearraignment delay. Based on the facts herein, the trial court committed reversible error in dismissing the complaint absent a showing that respondent suffered actual prejudice as a result of the delay.
The order of dismissal is reversed.
Roberson, J., and Todd, J., concurred.

While decisions by lower federal courts on constitutional issues are not necessarily controlling, they are persuasive authority and entitled to great weight. (People v. Bradley (1969) 1 Cal.3d 80, 86 [81 Cal.Rptr. 457, 460 P.2d 129].)

While the defendants in Beamon were charged with felonies, and respondent was charged with misdemeanors, the cases are analogous because the presumptively prejudicial period in both instances is one year. (See Serna v. Superior Court, supra, 40 Cal.3d at p. 254.)